UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| RONALD S. ADKINS, individually )<br>and on behalf of the estate of )<br>JO ANN ADKINS, deceased, )<br>    ) <br>    Plaintiff, )<br>    )<br>v.   )<br>    )<br>UNITED STATES OF AMERICA, )<br>    )<br>    Defendant. ) | Case No.  **3:06-CV-00043-RRB** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR EXTENSION OF TIME TO PRODUCE EXPERT REPORTS**

COMES NOW the Plaintiff, by and through counsel, Goodman, Allen & Filetti, PLLC, and opposes the Defendant's Motion for Extension of Time to Produce Expert Reports. In support thereof, Plaintiff states as follows:

**Background and Introduction**

This is a medical malpractice action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671-2680, against the United States of America ("United States") alleging survival and wrongful death claims on behalf of Plaintiff Ronald S. Adkins. This action arises out of negligent medical care and treatment provided to Ronald Adkins' wife, Jo Ann Adkins, at Elmendorf Air Force Base in Alaska in late 2004.

Specifically, on or about June 11, 2004, Ms. Adkins underwent an elective ileocecetomy for a steonotic terminal ileum associated with Crohn's disease. (Compl. ¶ 9.) Less than one week after Ms. Adkins' surgery, it was discovered that she had a bowel perforation originating at her anastomosis. (Comp. ¶ 12.) Although this perforation was subsequently repaired, Ms.

Adkins ultimately passed away on September 15, 2004 due to complications that arose from sepsis attributable to the bowel perforation. (Compl. ¶¶ 18 and 19.)

Following his wife's death, Mr. Adkins, an active duty member of the U.S. Air Force, filed a claim with the U.S. Department of the Air Force, as required by 28 U.S.C. §2675(a). As the Department of the Air Force failed to make a final disposition of the claim within six months, the instant action was filed on or about October 4, 2005. Following a transfer of venue from the Middle District of Florida to the District of Alaska, this Court entered a Scheduling and Planning Order on May 11, 2006. The Order required Plaintiff to make his expert witness disclosure on December 18, 2006, which he did promptly on the deadline. The United States was required to disclose expert witnesses by February 19, 2006. On February 9, 2007, ten days prior to the required disclosure deadline, the United States filed a Motion for an Extension to produce the required expert disclosure.

Specifically, the United States requests this Court to grant an extension for a "variety of reasons," including that the economist the government routinely utilizes is retiring, that its surgery expert has taken a month-long Hawaiian vacation, that the government has had difficulty in locating a systemic inflammatory response syndrome ("SIRS") expert, and that the government has been experiencing administrative difficulties. Finally, the government asserts that the Plaintiff will not be prejudiced by this extension.

### Argument

1. **This Court should deny the Defendant's Motion because the reasons underlying the Defendant's request for an extension do not justify vacating the entered Scheduling and Planning Order.**

This Court entered the Scheduling and Planning Order in this case on May 11, 2006. The Order was based on the parties' joint Scheduling and Planning Conference Report, filed with the

2

Court on May 4, 2006. Given these circumstances, the reasons delineated in the United States' Motion do not justify this Court's vacating the entered Scheduling Order and granting over a one month extension for the United States to disclose its expert witnesses.

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires a party to disclose the identity of any expert witness who is to testify at trial, as well as the substance of the expert's opinions. Rule 26(a)(2)(C) further provides that the Court may direct the time for filing of each party's expert witness disclosure. In this case, the May 11, 2006 Scheduling Order required the Plaintiff to designate expert witnesses by December 18, 2006, and the United States was required to disclose expert witnesses by February 19, 2006. Scheduling Orders serve two critical purposes: to allow parties to the litigation to structure their cases in a timely fashion and to allow the Courts to manage their own docket in the most efficient manner. See Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este, 456 F.3d 272 (1st Cir. 2006.) The First Circuit Court of Appeals has stated, "[w]henever a party, without good cause, neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised. Courts are entitled to take sensible measures to guard against such debilitating occurrences." Indeed, this Court entered the Scheduling Order in this case for the purposes of moving this litigation forward as efficiently as possible. The Scheduling and Planning Order specifically states that "[t]he Court will not routinely approve requests or stipulations for extensions of time for discovery." Without good cause, the Defendant should not be granted an extension of time for expert disclosure.

The reasons set forth in Defendant's Motion do not demonstrate good cause for this Court to grant an extension of time beyond that clearly provided in the Scheduling Order. The United States has been aware since May 2006 that its expert witness disclosures would be due on

February 19, 2006.  The Defendant had more than enough time to retain experts in this case, as the allegations of negligence were clearly set forth in the Complaint and as factual discovery was completed on October 17, 2006, four months prior to the deadline for the Defendant's expert witness disclosure.[1]  Moreover, the Defendant had two months for its own experts to review the reports filed by the Plaintiff's experts and complete their own reports in rebuttal.  The schedule and availability of the experts must be taken into account when experts are retained.  If the schedule of a particular expert will not allow him or her to complete the required report within the requisite time period, then counsel should look elsewhere for an expert witness.  Furthermore, for defense counsel to request an extension due to her own busy schedule and to administrative difficulties in her office is without merit.  Plaintiff's counsel timely prepared his expert witness disclosure during the midst of the Christmas holidays, when many administrative staff were on vacation and when his own schedule was strained with familial and other obligations.  In fairness to both parties and in accordance with the long-standing Scheduling Order, the Court should deny the United States' Motion and require the United States to disclose its expert witnesses pursuant to the Scheduling and Planning Order.

**2.    This Court should deny the Defendant's Motion as the Plaintiff would be prejudiced by the Defendant's delay in disclosing expert witnesses.**

Counsel for the United States asserts that Plaintiff would not be prejudiced by the delay in disclosing the Defendant's expert witnesses, but this assertion is not supported by the facts and circumstances in this case.  Plaintiff's wife passed away in September 2004, and, shortly thereafter, he filed his claim with the Department of the Air Force.  Due to the Department's

---

[1] One month after the Scheduling Order was entered by this Court, depositions of the fact witnesses in this case began.  Dr. David Copp was deposed in San Antonio, Texas on June 13, 2006; Nurse Rachel Bodeen was deposed via telephone on August 1, 2006; Dr. Jeffrey Congdon and Dr. Timothy Simpson were deposed on August 23, 2006 in Anchorage, Alaska; Nurse Edward James was deposed on August 24, 2006 in Anchorage; and Dr. Scott Russi was deposed in Colorado Springs, Colorado on October 17, 2006.

4

delay and failure to make a disposition of his claim, the Plaintiff filed the instant action in October 2005 in the Middle District of Florida where Plaintiff had been assigned pursuant to military orders. The Plaintiff incurred further delay in this case when venue was transferred to this District in February 2006. As this matter has been ongoing since 2004, Plaintiff desires to move forward with this action and not to incur further delay. In addition, Plaintiff has received notice that he will deploy for one year to the Middle East in support of Operation Iraqi Freedom some time in May. Formal orders have not yet been issued. Consequently, Plaintiff will appear at the trial of this matter via videotaped de bene esse deposition to be taken on April 27, 2007. Additionally, the parties specifically stated in their Scheduling and Planning Conference Report that they would file a request for Alternative Dispute Resolution ("ADR") no later than May 2007. If the Defendant's expert witness disclosure is delayed, the plaintiff will be unable to timely depose Defense experts and to analyze the appropriateness of ADR, in an effort to resolve this matter prior to the Plaintiff's deployment to the Middle East. Any further delay, including delay of the Defendant's expert witness disclosure, will substantially prejudice Mr. Adkins from meaningfully participating in the prosecution of this case prior to his deployment. The Court should, therefore, deny the Defendant's Motion and require the United States to disclose its expert witnesses pursuant to the Scheduling and Planning Order.

## Conclusion

The Defendant's reasons underlying its request for an extension of time to disclose its expert witnesses do not constitute good cause and do not justify vacating the Scheduling and Planning Order entered by this Court. Moreover, the Plaintiff would be substantially prejudiced by any further delay of this matter, given his impending deployment to the Middle East. The Plaintiff, therefore, respectfully requests this Court to deny the Defendant's Motion and to

require the Defendant to designate its expert witnesses on February 19, 2007 in accordance with the entered Scheduling Order.

        Respectfully Submitted,

        RONALD S. ADKINS, Individually and on behalf of the estate of JO ANN ADKINS, deceased

By: /s/ Richard H. Gasperini
    Richard H. Gasperini
    (VA Bar No. 32140)
    Trial Counsel
    Goodman, Allen & Filetti, PLLC
    4501 Highwoods Parkway, Suite 210
    Glen Allen, Virginia 23060
    Phone:   (804) 565-5961
    Fax:     (804) 346-5954
    Email: rgasperini@goodmanallen.com

**Certificate of Service**

I hereby certify that on February 15, 2007, I electronically filed the foregoing Plaintiff's Opposition to Defendant's Motion for Extension of Time to Produce Expert Reports with the Clerk of the Court by using the CM/ECF systems which will send a notice of electronic filing to the following:

    Susan J. Lindquist
    susan.lindquist@usdoj.gov

    /s/ Richard H. Gasperini