NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Susan.Lindquist@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD S. ADKINS, individually and on behalf of the estate of JO ANN ADKINS, deceased,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | Case No. 3:06-cv-00043-RRB<br><br>**UNITED STATES' REPLY TO THE RESPONSE IN OPPOSITION TO THE MOTION FOR AN EXTENSION OF TIME TO PRODUCE EXPERT REPORTS**<br><br>*(Filed on shortened time)* |

　　　　The United States, through counsel, moved for an extension of time until March 30, 2007, to produce expert reports.  This extension is only necessary for the report of Dr. Michael Levy as he has an important talk on SIRS during the second week in March.  The other reports can be produced by March 16, 2007,

which would be a thirty day extension of time.  This was the first extension the government requested.  Discovery is still wide open in this case, as it closes on June 7, 2007, and this extension will not affect the Court's docket.  The Plaintiff will not be prejudiced by this extension.  There is no trial date and no reason that it would be delayed by an extension within the already established discovery schedule.

The Scheduling and Planning Order incorporates into it at (7), a provision that allows the party to stipulate to an additional two months to complete discovery.  Thus, the deadlines incorporate an understanding that sometimes events arise which prevent the completion of discovery at a stated time.  On May 11, 2006, when the Order issued, counsel for the United States did not know that in the time provided to rebut the expert reports, the government's primary medical expert would be gone for a month.  Counsel also did not know that the focus of the alleged negligence would not be on the two surgeries, but on the doctors' reaction to pain complaints.

Plaintiff argues that he will be prejudiced because he seeks to request ADR in May 2007.  The government is not prepared now to commit to ADR, and the government may decide not to settle this case at all.  Both parties will have ample

time to evaluate their cases before May of 2007 when they will report to the court about whether ADR is possible. The Plaintiff will have two and a half months after expert reports are provided to make that decision.

Plaintiff argues that he is prejudiced because he is going to Iraq. This fact is not germaine. Mr. Adkin's deposition for discovery and for trial testimony has already been scheduled in April and the expert reports will be provided before the deposition. The expert reports are not pertinent to his deposition. Plaintiff argues that Mr. Adkins cannot participate in the development of his case. There have been five or six depositions in this case in Alaska, Colorado, and Texas and Mr. Adkins has not attended them. This is a complex medical malpractice case and to the best of counsel's knowledge, Mr. Adkins has no medical training.

Plaintiff claims he will not have enough time to depose the government's experts. All of the governments' experts reside in Anchorage, Alaska. Government counsel will agree to schedule their depositions now for anytime from the last two weeks in April through the end of May.

One key reason for the need of the extension is that the Defendant was unaware that the focus of the medical malpractice claim was not the surgery, but the complaints of pain. Counsel contracted with general surgeon, Dr. Steven

Kilkenny, sometime in May 2006 and he produced an August 5, 2006, draft report to counsel which concentrated on the surgery. When Plaintiffs' experts did not conclude that the surgery was in error and focused on the pain management, additional work was needed on the draft report. As a result of the new focus, a pain flow chart that tracks the complaints of pain, the doctor's orders, the blood pressure, the lab results and any other relevant data in the four days preceding the second operation was needed. Counsel hired a nurse to assist Dr. Kilkenny. The nurse, however, went to Mexico until March 3. This assignment has been re-assigned to an in-house nurse who just returned from a month's vacation and she is starting the chart today.

Counsel has already listed the events that also caused her to have less time to devote to this case.

## CONCLUSION

The extension requested is reasonable and was not forseeable in May of 2006 when the Report of Parties' Meeting was filed. Counsel will accommodate Plaintiffs' concerns about depositions of the experts by scheduling them now. Counsel will email the reports to Plaintiff's counsel when she receives them, and will produce them as they come available, instead of waiting until the due date.

The government asks that the court grant it an extension to produce expert reports.

RESPECTFULLY SUBMITTED February 21, 2007, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/ Susan J. Lindquist
> Assistant U. S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3378
> Fax: (907) 271-2344
> E-mail: susan.lindquist@usdoj.gov
> AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2007,
a copy of the foregoing **UNITED STATES' MOTION
FOR AN EXTENSION OF TIME TO PRODUCE
EXPERT REPORTS** was served
electronically on Richard H. Gasperini.

s/ Susan J. Lindquist